JOSEPH E. FOX ET AL. V. CINCINNATI ET AL.

CERTIFICATION OF ASSESSMENT FOR SIDEWALKS REQUISITE ACT TO SAVE LIMITATIONS.

The particular act which saves an assessment from the two years' statute of limitations fixed by Sec. 3906 Gen. Code (R. S. 2297) is its certification by the municipal corporation to the county auditor by virtue of Sec. 3865 Gen. Code (B. 1536-237).

**Fox & Fox,** for plaintiffs.
**Fyffe Chambers,** for defendant.

GIFFEN, J.

Under Sec. 71 Mun. Code of 1902 (Gen. Code 3854) the written notice required therein may be served upon the agent of the owner of abutting land, and it sufficiently appears that W. F. Fox was the agent of the owners and served with notice.

While the agreed statement of facts shows that the assessment appeared for the first time upon the tax duplicate for the year 1908, yet it does not appear that the same was certified to the auditor more than two years after it was payable. It is the action taken by the corporation in certifying the assessment to the auditor of the proper county, Sec. 3865 Gen. Code (B. 1536-237), which saves it from the two years' limitation, and if this was done prior to August 29, 1908, the statute was complied with.

Section 3905 Gen. Code (R. S. 2295) authorizes a penalty of 10 per cent to be collected upon any unpaid assessment, and even conceding that the penalty should be computed only on the amount of the assess-

Hamilton County.

ment, without including the interest due, it is a mere trifle not requiring the action of the court.

The petition and cross petition will be dismissed.

**Smith** and **Swing, JJ.,** concur.

---

## BILLS AND NOTES—PLEDGES.

[Cuyahoga (8th) Circuit Court, February 7, 1910.]

Henry and Marvin, JJ.

(Winch, J., not sitting.)